UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY AARON NIXON, :
:
    Petitioner :
: CIVIL NO. 1:CV-09-1466
vs. :
: (Judge Caldwell)
WARDEN JERRY C. MARTINEZ, et :
al., :
:
    Respondents. :

*M E M O R A N D U M*

I. *Introduction*

Petitioner Anthony Aaron Nixon filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 29, 2009, seeking an order compelling respondent to reconsider his request for pre-release custody placement in a residential re-entry center (RCC)[1] for the last twelve months of his sentence in accordance with the Second Chance Act of 2007. (Doc. 1, Pet.) For the reasons that follow, the Petition will be dismissed for Nixon's failure to exhaust available administrative remedies prior to bringing this action.

---

[1] Prior to March 31, 2006, RRC's were referred to as Community Corrections Centers (CCCs). They are commonly known as halfway houses. Doc. 4-2, Declaration of Yvonne Bennage, Case Manager at the Low Security Correctional Institution at Allenwood, Pennsylvania, at p. 5, ¶ 6.

II. *Background*

Nixon filed his habeas petition on July 29, 2009. (Doc. 1, Pet.) In his Petition he concedes that he did not exhaust his available administrative remedies with respect to his RCC placement because he "would further be prejudiced due to a time constraint if" required to do so. *Id.* at p. 3, ¶ 11. Respondents filed a Response to the Petition asserting that Nixon had failed to exhaust his administrative remedies and that he had presented no case or controversy. Doc. 4. On March 16, 2010, Nixon filed an Addendum to his Traverse, noting that since this case was filed, he has exhausted the issues raised in his petition via the BOP's administrative remedy process. *See* Doc. 7. The Court then directed Respondent to file a sur-reply addressing the exhaustion issues presented by Nixon in his Addendum. *See* Doc. 9.

Nixon asserts he "has now completed the [BOP] administrative remedy process (appeal no. 566502-R1) by completing a BP-8, BP-9, BP-10 and BP-11 to the Central Office without a response from the BOP." Doc. 7, p. 1. Following a failed attempt at informal resolution filed on November 9, 2009, Nixon filed his first request for administrative relief on November 23, 2009. *Id.* at pp. 6 and 8.

On December 4, 2009, he was advised that his unit team recommended a 150-180 day placement in a residential re-entry center. On December 10, 2009, Nixon filed a timely appeal to the Regional Director, *id.* at p. 4, which was denied on January 15, 2010, *id.* at p. 5. On February 1, 2010, Nixon filed a Central Office Administrative Remedy Appeal. Doc. 10, Declaration of Susan Albert (Albert Decl.), at p. 6, ¶ 5. This remedy was rejected due to Nixon's failure to provide the correct number of copies. Nixon

was given 15 days to re-file the appeal. *Id.* Nixon resubmitted his appeal at the Central Office level on March 31, 2010. *Id.* at p. 6, ¶ 6. In accordance with 28 C.F.R. § 542.18, *Response Time*, once filed, a response shall be issued by the General Counsel within 40 calendar days. If the inmate fails to receive a response within the time allotted, the inmate may consider the absence of a response to be a denial at that level. *Id.* at p. 6, ¶ 7. Respondent asserts that Central Office had until May 10, 2010. *Id.* at p. 6, ¶ 8. Thus, Respondent suggests that in contrast to Nixon's representations in his Addendum, he has not exhausted the administrative remedy process before filing this lawsuit.

III. *Discussion*

The habeas statute upon which Nixon relies to challenge the timing of his pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to a RRC. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005).

Respondent maintains that the petition should be dismissed for failure to exhaust administrative remedies. We agree. It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760

(3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)(*per curiam*). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62.

Nixon admits in his June 2009 Petition that he did not exhaust his administrative remedies prior to initiating this lawsuit. He suggests he remedied this oversight when he commenced the exhaustion process in November 2009. Nixon suggests that as of March 16, 2010, his exhaustion efforts were complete. However, the record before the Court shows this statement is inaccurate. As of March 16, 2010, Nixon was still awaiting an answer from the Office of General Counsel who had forty days to respond to his appeal. Consequently, the petition for writ of habeas corpus will be dismissed without prejudice due to Nixon's failure to exhaust his administrative remedies. Based on the above analysis, Nixon's Motion to Appoint Counsel (doc. 8) and Motion for Leave to Amend his September 30, 2009 (doc. 12), will be denied.

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: June 4, 2010

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY AARON NIXON, :
:
        Petitioner :
: CIVIL NO. 1:CV-09-1466
     vs. :
: (Judge Caldwell)
WARDEN JERRY C. MARTINEZ, et :
al., :
:
        Respondents. :

*O R D E R*

AND NOW, this 4th day of June, 2010, upon consideration of Anthony Aaron Nixon's petition under 28 U.S.C. § 2241, it is ordered that:

    1.    The Petition (doc. 1) is dismissed for failure to exhaust administrative remedies.

    2.    Nixon's Motion for Appointment of Counsel (doc. 8) is denied.

    3.    Nixon's Motion for Leave to Amend his September 30, 2009 Brief (doc. 12) is denied.

    4.    The Clerk of Court is directed to close this case.

                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge